## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH CIVIL DIVISION

CASE NO.

JUAN CARLOS GIL,

      Plaintiff,

v.

CITY OF BOCA RATON, FLORIDA,

      Defendant.

---

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

---

COMES NOW Plaintiff Juan Carlos Gil ("Plaintiff), by and through his undersigned counsel, and hereby sues Defendant the City of Boca Raton, Florida ("Defendant") for declaratory and injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131 et. seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504") and alleges as follows:

### INTRODUCTION

1.   "Il n'y a que deux puissances au monde, le sabre et l'esprit : à la longue, le sabre est toujours vaincu par l'esprit[1]", and one must be informed to understand their peril. Florida began its tradition of openness back in 1909 with the passage of Chapter 119 of the Florida Statutes[2]. This statute requires that any records made or received by

---

[1] There are only two powers in the world, the sword and the spirit: in the long run, the sword is always defeated by the spirit. Napoleon Ier (1789-1821)

[2] Public Records Law

1

any public agency in the course of its official business are available for inspection.

2.   This is an action under Title II of the Americans with Disabilities Act of 1990 and under Section 505 of the Rehabilitation Act of 1973 through which Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") is enforced to redress unlawful disability-based practices and to make Plaintiff Juan Carlos Gil whole.

3.   City of Boca Raton ("Defendant") is a public entity which has provided the website URL www.myboca.us as an information portal ("portal" or "website") to the City of Boca Raton government for the general public (to anyone who accesses the portal). The general public is able to access City of Boca Raton government's online content, which constitutes programs, services, and activities. Much of that content is provided in portable document format ("PDF").

4.   In order to meaningfully access PDF documents (also referenced as electronic documents), blind and visually impaired individuals require that electronic documents be saved in an accessible format. Much of the content provided in electronic (PDF) format within Defendant's Website is not accessible by persons who are visually impaired and who utilize screen readers.

5.   Because Defendant's online electronic document content is not available for persons who are blind or low sighted, Defendant has denied Plaintiff Juan Carlos Gil access to that electronic (PDF) content. As such, Defendant has denied access to Plaintiff based on Plaintiff's disability (being low sighted and/or blind). In so doing, Defendant has denied Plaintiff his fundamental right to observe and participate in the democratic process of self-government. A citizen's right to meaningful participation in the political process and to access publicly available information needed to participate in the process is a fundamental right requiring heightened scrutiny. *Johnny Reininger, Jr. v. State of*

2

*Oklahoma*, Case No.: 5:16-cv-012141 (November 9, 2017) and *Natl Association of the Deaf (NAD) v State of Florida*, 318 F. Supp. 3d 1338 (S.D. Fla. 2018).

6.    Plaintiff brings this action against the Defendant to enforce the requirement of Section 504 of the Rehabilitation Act that a public entity receiving or distributing federal financial assistance (which Defendant receives and distributes each year) must not deny persons with disabilities the benefits of its programs, services and activities.

7.    By failing to provide electronic documents in accessible format, Defendant has deprived blind and visually impaired individuals of the benefits of its online content, which benefit is afforded to sighted (non-disabled) individuals. As such, Defendant has increased the sense of isolation and stigma that the ADA and Section 504 were meant to redress for individuals with disabilities.

8.    Defendant's denial of much of its publicly available online content to blind and visually impaired individuals violates Section 504 of the Rehabilitation Act and Title II of the ADA.

9.    Accordingly, Plaintiff seeks injunctive and declaratory relief to ensure that blind and visually impaired individuals have equal, effective and timely access to Defendant's publicly available online content (consisting of electronic documents).

**JURISDICTION AND VENUE**

10.   Plaintiff is expressly authorized to bring this action pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. §§ 12131-12133 ("ADA"), incorporating by reference the remedies, procedures and rights under Sections 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 794(a) ("Section 504"), incorporating the remedies, rights and procedures set forth in §717 of the Civil Rights Act of 1964, including the application of  §§  706(f) through 706(k), 42 U.S.C. § 2000e-5(f)-(k).

11.   This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188. This Court's jurisdiction is proper under 28 U.S.C. Section 451, 1331, 1337, and 1343.

12.   Plaintiff has met all conditions precedent to bring this action.

## PARTIES

### Juan Carlos Gil

13.   Plaintiff Juan Carlos Gil is a resident of the State of Florida, is disabled and a qualified individual as defined by the ADA.

14.   Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2) and the regulations implementing the ADA and as set forth at 29 USC §705(20). Plaintiff suffers optic nerve damage and is legally blind. Plaintiff also suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair.  Plaintiff's disability is defined in 28 C.F.R. §35.108, as Plaintiff is substantially limited in the major life activity of seeing, specifically 28 C.F.R. § 35.108(c)(1).

15.     Plaintiff is an athlete who travels for his athletic triathlon endeavors, and also is an advocate for the rights of blind and wheelchair bound disabled individuals.[3]

16.     In the past year, Plaintiff has traveled to Arizona, Orlando, and Boston to attend various conventions and meetings to advance the rights of the disabled. Such events include, but are not limited to, the National Federation for the Blind convention in

---

[3] Juan Carlos Gil has traveled to speak on disabled rights, written letters, and mentored other disabled individuals as well as being  the Plaintiff in the Landmark Historic federal trial over Web Accessibility (*Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020); See press release on case: www.prweb.com/releases/2017scottrdinin/06civilrights/prweb14437034.htm

Orlando[4], the American Counsel for the Blind conferences[5] and various focus groups and meetings throughout the east coast (including New York and Boston).

17.  Plaintiff is a qualified and/or otherwise qualified individual with a disability in that Plaintiff is qualified to access Defendant's electronic documents.

18.  Due to his disability, the Plaintiff requires that document information be saved in an accessible format such as HTML or an accessible electronic (PDF) format so that he can comprehend (read) that document with screen reader software.

### City of Boca Raton, Florida

19.  Defendant, City of Boca Raton, Florida, is located in Palm Beach County and is a local government entity, a body corporate and political subdivision of the State of Florida. Is the southernmost city in Palm Beach County, Florida, United States, first incorporated on August 2, 1924 as "Bocaratone," and then incorporated as "Boca Raton" in 1925. By the early 1900s Boca Raton was a tiny agricultural community, many of the farmers specializing in pineapple cultivation. Amongst these were a group of Japanese immigrants under the leadership of Joseph Sakai, who formed a community along today's Yamato Road in 1904. In May of 1925, the Town of Boca Raton was incorporated at the height of the Florida land boom. Boca Raton became a city in 1957. Boca Raton is a major retirement center. Tourism, manufacturing (including electronics and pharmaceuticals), and high-technology industries contribute to the economy. Today is one of the wealthiest communities in South Florida.

20.  City of Boca Raton Home Rule gives the ability to create (through a local and

---

[4] July 2017, 2018
[5] In 2017 (Nevada) and in 2018 (Wisconsin)

public hearing ordinance procedure) local laws[6]. This process is done without having to go to the Florida Legislature to request a special legislation to create these laws. Every city is governed by a group of people who make and change laws.  In Boca Raton, five people are elected to govern the City: the Mayor and four Council Members who are elected to three year terms and are limited to serving two consecutive terms in office. Boca Raton operates under the council-manager form of government, which is the most common form of local government in Florida today. Under this form of government, the City Council (the Mayor and four Council Members) sets policy for the City and appoints the City Manager who implements that policy.  The City Manager supervises and coordinates the various departments throughout the City; prepares the budget for the Council's consideration; and makes reports and recommendations to the City Council.

21.  The City Council distributes federal financial assistance through its budgetary and legislative process to City of Boca Raton's agencies and departments. No person, agency or department is above the City Council.

22.  Since Defendant is a public entity, it is subject to Title II of the ADA. 42 U.S.C. § 12131(1).

23.  On information and belief, Defendant is also a recipient and distributor of federal funds and as such, is also subject to the requirements of Sections 504 of the Rehabilitation Act of 1973.

**GENERAL ALLEGATIONS**

24.  Defendant offers a service through www.myboca.us (its online portal) where interested persons can obtain pertinent information regarding the government of City of Boca Raton and living and visiting the City of Boca Raton. Plaintiff is such an interested

---

[6] that are not in conflict with or specifically prohibited by state general law or the Florida Constitution

person.

25.   Defendant's portal  provides pertinent information on living and visiting City of Boca Raton including (but not limited to): The Recreator January–April 2019 pamphlet[7], Discover July Schedule of Activities flyer[8], Adults Sports at Glance flyer[9], a City of Boca Raton Brochure at Glance[10] and an Instructional Services Classes for Adults flyer[11]. These types of documents are made available by Defendant to generally inform the public of the services provided by Defendant; therefore, these types of electronic documents also referenced herein as "electronic service documents."

26.  Defendant's portal also has publications which are embedded in PDF (electronic) format. These publications contain information on a variety of City of Boca Raton's issues. A few of the publications provided to the public by Defendant include (but are not limited to): a Boca Raton Demographic and Income profile Census handout[12], a City of Boca Raton brochure[13], City of Boca Raton SHIP application package[14] These publications are made available by Defendant to generally inform the public of pertinent information when living and visiting City of Boca Raton and of the services provided by Defendant. Therefore, these types of electronic documents (being publications providing a service to the public) are referenced as "electronic service documents."

27.  Defendant's Website also contains electronic documents which provide information on City of Boca Raton policies and positions which affect the public directly. A sampling of those links to electronic documents (which are also referenced as

---

[7] www.myboca.us/DocumentCenter/View/4136/Recreator-Current-PDF
[8] www.myboca.us/DocumentCenter/View/17371/Discover-July-schedule-PDF
[9] www.myboca.us/DocumentCenter/View/1211/Adult-Sports-at-a-Glance--PDF?bidId=
[10] www.myboca.us/DocumentCenter/View/7553/City-brochure-At-a-Glance-2017-PDF
[11] www.myboca.us/DocumentCenter/View/16871/Instructional-Classes-for-Adults-PDF
[12] www.myboca.us/DocumentCenter/View/1184/Boca-Raton-Demographic-and-Income-Profile-Census-PDF
[13]  www.myboca.us/DocumentCenter/View/15661/City-of-Boca-Raton-Brochure-PDF
[14] www.myboca.us/DocumentCenter/View/15052/SHIP-Application-Packet-April-2018?bidId=

"electronic policy documents") is provided herein below:

- Rules and Regulations of the Boca Raton Municipal Cemetery and Mausoleum[15], which links to electronic documents with information for the mutual protection of all purchasers, and for the preservation of all lots, plots, crypts and niches in the Boca Raton Municipal Cemetery and Mausoleum;
- Donation Policy[16], which links documents to procedures for the acceptance, rejection, accounting and spending of Donations to the City of Boca Raton;
- Metered Parking Information brochure[17] which links directly to an electronic documents with information about the City of Boca Raton Parking Meter Program.

28.  The City of Boca Raton's Council meetings make up the bulk of Defendant's legislative history. The City of Boca Raton's Council meetings have a direct effect on the lives of citizens in the state. Interested persons can become informed about the effect of the City of Boca Raton's Council meetings and the resulting policies, budgets, and services online by viewing the electronic documents generated which reflect the decisions made by the City of Boca Raton Councilmen through this portal. Interested persons are able to view thousands of documents related to the government of the City of Boca Raton (also referenced as "electronic agenda documents") through this portal. An example of electronic agenda documents includes Fiscal Year 2018-19 Proposed Budget[18], Community Redevelopment Agency 2018-2019 Final Budget[19], and Annual Report to Downtown Property Owners 2018[20]. Through reviewing the agenda documents, interested persons can ascertain what upcoming projects are being negotiated and voted upon, and can find out the direction that the City of Boca Raton is moving related to issues such as spending (budgets), and legislative policy (about housing, economy, finances and

---

[15] www.myboca.us/DocumentCenter/View/5411/Rules-and-Regulations-of-The-Boca-Raton-Municipal-Cemetery-and-Mausoleum-PDF?bidId=
[16] www.myboca.us/DocumentCenter/View/17861/Donation-Policy-PDF
[17] www.myboca.us/DocumentCenter/View/341/Metered-Parking-Information-Brochure-PDF?bidId=
[18] www.myboca.us/DocumentCenter/View/17880/Fiscal-Year-2018-19-Proposed-Budget-PDF
[19] www.myboca.us/DocumentCenter/View/18307/CRA-Final-Budget-2018-2019-PDF
[20] www.myboca.us/DocumentCenter/View/16841/Annual-Report-to-Property-Owners-2018-PDF

expenditures).

29.  Through perusing the archived agenda documents, interested persons can ascertain what past legislation and projects on which the City of Boca Raton Councilpersons have voted regarding important social, growth, and environmental issues which (while voted upon in the past) have a direct effect on current and future events in the City of Boca Raton such as related (but not limited to): Strategic Plan for the City of Boca Raton 2017-2032[21], Notice of Summary Proposed 2016 AHAC Recommendations[22], A Citizens Master Plan for the North Federal Highway Charrette[23].

30.  Defendant's electronic documents contain a plethora of information regarding matters which affect the public including public works projects, environmental resources management, public transportation and parks and recreation. Other documents include a Downtown Pedestrian Study[24], a Downtown Transportation Survey[25], 2017 Water Quality Report of the City of Boca Raton[26], Climate Action Resolution 2017[27], Annual Sanitation Brochure 2018-19[28],  Brightline operation Lifesaver Fact Sheet[29], and a Sustainable Tree Brochure[30].

31.  Through Defendant's portal, interested persons can read Defendant's electronic documents on demand.

32.  However, blind and/or visually impaired persons require screen reader

---

[21] www.myboca.us/DocumentCenter/View/3955/Strategic-Plan-2017---2032-PDF
[22] www.myboca.us/DocumentCenter/View/897/Notice-of-Summaryfor-Proposed-2016AHAC-Recommendations-PDF-
[23] www.myboca.us/DocumentCenter/View/692/A-Citizens-Master-Plan---Introduction-and-Pages-1-10-PDF-
[24] www.myboca.us/DocumentCenter/View/19206/City-of-Boca-Raton-Downtown-Pedestrian-Study-12102018-PDF
[25] www.myboca.us/DocumentCenter/View/8146/Downtown-Transit-Survey--Results-PDF
[26] www.myboca.us/DocumentCenter/View/17061/2017-Annual-Water-Quality-Report-PDF
[27] www.myboca.us/DocumentCenter/View/7477/Climate-Action-Resolution-2017-PDF
[28] www.myboca.us/DocumentCenter/View/814/2018-19-Sanitation-Brochure-PDF-
[29] www.myboca.us/DocumentCenter/View/8183/Brighline-Operation-Lilfesaver-FactSheet-PDF?bidId=
[30] www.myboca.us/DocumentCenter/View/9570/City-of-Boca-Raton-Sustainable-Tree-Brochure-112017-PDF?bidId=

software to read/comprehend (Defendant's) electronic documents.

33.  Online "on-demand" viewing of the Defendant's electronic documents is not an option available to persons with vision disabilities due to the fact that those documents are provided solely in a *PDF flat surface* format and do not interface with screen reader software as used by blind and visually impaired individuals. Plaintiff (who is legally blind) is such an interested person.

34.  As an active and social Florida resident, Plaintiff is interested in the quality of life, environmental resource management such as water resources, climate change, recreation, use and management of lands and open spaces, all of which would make City of Boca Raton a viable visiting and living option. Therefore, Plaintiff is also interested in investigating preservation of the architectural designs, buildings, as well as the types of public spaces and community engagement activities in City of Boca Raton.

35.  Therefore, in September 6, 2018, Plaintiff visited Defendant's Website with the intent of educating himself about the quality of life and governmental functioning in the City of Boca Raton. Plaintiff also wanted to find out more about programs, services and activities available to visitors and residents of City of Boca Raton.

36.  Because Defendant's electronic documents are not in an accessible format for the blind and visually impaired and are not provided in accessible HTML or PDF format, Plaintiff was prevented from becoming informed about City of Boca Raton's governmental functioning, policies, programs, services and activities as Defendant offers to the public because of his vision disability. This exclusion resulted in Plaintiff suffering from feelings of segregation, rejection, and isolation as Plaintiff was left excluded from participating in the community services, programs and activities offered by the City of Boca Raton in a manner equal to that afforded to others who are not similarly disabled.

37.  Due to his inability to comprehend Defendant's electronic documents, on September 7, 2018, Plaintiff wrote a letter to Defendant and informed Defendant that he is legally blind and unable to fully access the electronic documents which Defendant provides to the public with his screen reader software. In that letter, Plaintiff requested Defendant's electronic documents be provided in an accessible format for blind and visually impaired individuals (such as himself). Plaintiff made this request via U.S. mail service.  Plaintiff's letter request is attached hereto as Exhibit A.

38.  On September 24, 2018, Defendant sent a letter in response to the Plaintiff which stated that the City of Boca Raton continues to work hard to ensure that the City's website and the information and documents are accessible for all users, including those who have vision or hearing disabilities. Also the Defendant stated they were looking into the issue and were in the process of assuring that documents on the site were accessible by screen readers and they would keep him posted as the process progressed. See Exhibit B. Defendant's response did not state that the electronic documents which it provides to the public were now accessible, as Plaintiff had requested in his request for accommodation letter (Exhibit A).

39. On October 7, 2018, Plaintiff again attempted to access Defendant's electronic documents, but those electronic documents remained inaccessible as he still could not comprehend them with his screen reader software. It is sufficiently obvious that Plaintiff and others who are blind or low sighted need Defendant to properly save its documents so that they are accessible on demand and permit such persons to benefit from the services, programs and activities.

40.  By Defendant's failure to make the electronic documents on its Website accessible, Plaintiff has suffered injuries and shame, humiliation, isolation, segregation,

experienced emotional suffering, pain and anguish and has been segregated and prohibited from enjoying the programs, services and activities offered by Defendant to the public.

41.   Plaintiff continues to desire to participate in the governmental functioning of the City of Boca Raton. However, Plaintiff is unable to do so, as he is unable to meaningfully access and comprehend the electronic documents provided by Defendant for the public.

42.   Furthermore, Defendant has not provided any other auxiliary aid or service which would assist Plaintiff and/or similarly situated blind or visually impaired constituents to meaningfully access and fully comprehend Defendant's electronic documents in the same manner as Defendant has as made available to the non-disabled public.

43.   Because Defendant has not provided its electronic documents in an accessible format for the blind and visually impaired, Plaintiff has been prevented from becoming informed of City of Boca Raton's governmental functioning, policies, programs, services and activities as offered to the public by Defendant because of his vision disability.  As such, Plaintiff was left excluded from participating in the City of Boca Raton government and the community services, programs and activities offered by the City of Boca Raton in a manner equal to that afforded to others who are not similarly disabled.

44.   Plaintiff's inability to access Defendant's electronic documents has resulted in a *virtual barrier* which has impaired, obstructed, hindered, and impeded Plaintiff's ability to become an involved citizen in the City of Boca Raton's  government and learn about the programs, services and activities available to residents to (and visitors of) the City of Boca Raton.

45.   On information and belief, since September 10, 2018, when Plaintiff first began to attempt to access and learn about the City of Boca Raton programs, services, activities and government, Defendant has not made reasonable modifications to its policies and procedures to ensure future compliance with the ADA and/or the Rehabilitation Act. As of this filing, the electronic documents made available by Defendant remain inaccessible to Plaintiff as well as to other blind and visually disabled individuals.

46.   Plaintiff continues to desire to become involved in and monitor the City of Boca Raton governmental process. However, Plaintiff is unable to do so, as he is unable to meaningfully access and comprehend the electronic documents provided by Defendant for the public.

47.   Plaintiff has concrete plans to read and comprehend (on a weekly basis) the electronic documents supplied by Defendant as a service to the public. However, Plaintiff is prevented from enjoying the programs, services and activities for residents and visitors of the City of Boca Raton due to the unlawful barrier created by Defendant's refusal to make its electronic documents accessible for screen reader software as used by the visually impaired.

48.   Plaintiff (and others with vision impairments) will suffer continuous and ongoing harm from the Defendant's omissions, policies, and practices regarding its electronic documents unless enjoined by this Court.

49.   Defendant has engaged (and continues to engage) in unlawful practices in violation of Title II of the ADA (42 U.S.C. §12132 and Section 504).

50.   Defendant's unlawful practices include (but are not limited to) denying

13

Plaintiff (an individual with a disability) the ability to participate in the City of Boca Raton's government and to participate in the City of Boca Raton's community programs, services and activities by failing to provide Plaintiff the ability to study and review the City of Boca Raton's electronic documents in the same manner as provided to the sighted public.

51.   Defendant is deliberately indifferent to the provisions of the Rehabilitation Act and Title II of the ADA in regard to the unlawful practices described herein because Defendant is aware of the availability of computer programs which allow Defendant to save electronic documents in an accessible format. Despite the ease of providing accessible electronic documents, Defendant has failed to reasonably modify its policies, processes and procedures for the same.

52.   As a result of Defendant's actions, Plaintiff has been damaged and has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish.

53.   For all of the foregoing, Plaintiff has no adequate remedy at law.

54.   Plaintiff has retained Scott Dinin P.A. and J. Courtney Cunningham PLLC as his legal counsel in this action and has agreed to pay a reasonable attorney fee.

## COUNT I – VIOLATIONS OF TITLE II OF THE ADA

55.   The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life and that mandate extends to public entities including Defendant and the documents that Defendant provides to the public (including those documents provided in electronic document format).

56.   The Department of Justice guidelines on the application of Title II of the

ADA state:

> "[T]he Department has taken the position that title II covers Internet Web site access. Public entities that choose to provide services through web-based applications (e.g., renewing library books or driver's licenses) or that communicate with their constituents or provide information through the Internet must ensure that individuals with disabilities have equal access to such services or information, unless doing so would result in an undue financial and administrative burden or a fundamental alteration in the nature of the programs, services, or activities being offered."  28 C.F.R. Pt. 35 app. A, page 126.

57.  Title II of the ADA mandates that no qualified individual with a disability shall, by reason of such disability, be excluded from full and equal participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity, 42 U.S.C. §12132.

58.  The Defendant, City of Boca Raton, is a political subdivision of the State of Florida and a public entity under Title II of the ADA. A public entity includes any instrumentality of a state or local government therefore, Defendant is subject to Title II of the ADA.  42 U.S.C. §12131(1)(b).

59.  As a public entity, Defendant must:

a)  Provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. §35.130(a).

b)  Ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals unless the public entity can demonstrate that taking those steps to modify policies, practices, or procedures would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. §35.130(b)(7).

c)  Ensure that no individual with a disability is excluded, denied

15

services, segregated or otherwise treated differently than other individuals unless the public entity can demonstrate that legitimate safety requirements are necessary for safe operation. Any safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities; 28 C.F.R. §35.130(h).

60. Defendant is a recipient of federal financial assistance. As a condition precedent to receiving such assistance, Defendant must affirm that it is in compliance with federal anti-discrimination laws including the Rehabilitation Act of 1973 and the ADA. Defendant has consistently and repeatedly affirmed such compliance to the federal funding agencies when it knows that it is not complying with those laws based upon the Department of Justice Technical Guidance first issued in 2003 and updated in 2008.

61. Defendant's document creation and storage on www.myboca.us is a program, service, or activity within the definition of Title II of the ADA. Defendant makes information available in thousands of pages of documents available through its information portal through which the public can access electronic documents.

62. Defendant failed to provide its electronic documents in a format accessible to visually impaired individuals who require screen reader software to comprehend those electronic documents despite the sufficiently obvious need to do so. Therefore, Plaintiff has been effectively denied access to those electronic documents by Defendant.

63. By denying Plaintiff the opportunity to comprehend and benefit from its electronic documents due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from the services, programs or activities afforded to non-disabled persons and persons who are not visually impaired.

64. Providing electronic documents in a format that can be recognized by screen

reader software and therefore making those electronic documents accessible to the visually impaired would not result in any undue burden to Defendant.

65.   Providing electronic documents in a format that can be recognized by screen reader software thereby making those electronic documents accessible to the visually impaired would not fundamentally change the nature of Defendant's services, programs, or activities.

66.   Defendant is required to provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. Part 35.

67.   As a result of the virtual barriers within the electronic documents provided by Defendant, visually impaired individuals are denied the full and equal access to the services, programs, and activities offered by the City of Boca Raton and have been denied participation in the government of City of Boca Raton in a manner equal to that afforded to others; in derogation of Title II of the ADA and Section 504.

68.   As a public entity, Defendant may not (directly or through contractual or other arrangements) utilize methods of administration that deny individuals with disabilities access to its services, programs, and activities or that perpetuate the discrimination of another public entity; 28 C.F.R. § 35.130(b)(3).

69.   As a public entity and pursuant to Title II, Defendant is required to make reasonable modifications in its policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. § 35.130(b)(7).

70.   Defendant is required to present the electronic documents it provides to the

public in an accessible format in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

71.  Defendant's failure to make its electronic documents accessible has impeded Plaintiff from fully accessing the programs, services, and activities of the City of Boca Raton as offered to residents and visitors so that they can participate in the services and programs of the City of Boca Raton and equal access to the City of Boca Raton government as afforded to the public by the City of Boca Raton. By such failure, Defendant has discriminated against the visually impaired.

72.  Defendant is blatantly discriminating by its failure to provide accessible electronic documents for blind and visually impaired citizens. Defendant has violated Title II of the ADA in numerous ways, including discriminatory action which occurred when the Defendant failed to maintain policies and procedures to ensure compliance with Title II of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access Defendant's electronic documents provided within its Website. These violations are ongoing.

73.  As a result of Defendant's inadequate creation, development, and administration of Defendant's electronic documents, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

**COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

74.  Plaintiff is legally blind, which substantially limits him in his major life activity of seeing.   Therefore, Plaintiff is an otherwise qualified individual with a disability under Section 504 of the Rehabilitation Act.

75.  In *Nat'l Ass'n of Deaf v. State*, 318 F.Supp. 3d 1338, 1348 (SD Fla 2018) at

18

*5 (citing *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000) the court found that "[t]he elements of a Title II claim and a section 504 Rehabilitation Act claim are the same," and can be addressed together.

76.   As an otherwise qualified individual, Plaintiff is expressly authorized under Section 505 of the Rehabilitation Act which enforces Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 & 794(a), incorporating the remedies, rights and procedures set forth in Section 717 of the Civil Rights Act of 1964, including the application of §§ 706(f) - (k), 42 U.S.C. §§ 2000e (5)(f) - (k).

77.   On information and belief, Defendant is a recipient of federal financial assistance. The City of Boca Raton distributes that federal financial assistance to its agencies and departments through its budgetary and legislative activities. As the distributor of federal financial assistance, all of the operations of the City of Boca Raton Council (including Defendant's online portal) are subject to the Rehabilitation Act as a covered program or activity. 29 U.S.C. §794(b)(1)(B).

78.   Congress enacted the Rehabilitation Act in 1973 to enforce the policy of the United States that all programs, projects, and activities receiving federal assistance ". . . be carried out in a manner consistent with the principles of . . . inclusion, integration, and full participation of the individuals [with disabilities]." 29 U.S.C. §701(c)(3).

79.   Section 504 of the Rehabilitation Act prohibits recipients of federal funding from discriminating against disabled persons and requires that programs or activities operated by a federally-funded entity be readily accessible to persons with disabilities; see 28 C.F.R. §42.520.

80.   For the purposes of Rehabilitation Act claims, the term "program or activity" means all of the operations the entity of such State or local government that distributes

such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government (29 U.S.C. Section 504, §794(b)(1)(B)).

81.   Section 504 of the Rehabilitation Act, 29 U.S.C. §794 requires that no otherwise qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against.

82.   The Rehabilitation Act defines "program or activity" to mean all of the operations of an entity of state or local government which distributes federal financial assistance. As the City of Boca Raton Council is an entity of state or local government, all of the operations of the City of Boca Raton are covered under the Rehabilitation Act including Defendant's creation, storage and providing electronic documents to the public through its Website. For the purposes of this section, the term "program or activity" consists of all of the operations of a department, agency, special purpose district, or other instrumentality of a state or of a local government (29 U.S.C. §794(b)(1)(A)).

83.   This denial of access to Defendant's services, programs and/or activities has subjected Plaintiff to discrimination, excluded Plaintiff from participation in those services, programs and/or activities and denied Plaintiff the benefits of Defendant's electronic documents.

84.   As of this filing, Defendant's electronic documents within www.myboca.us remain inaccessible to persons with screen readers who are blind and/or low sighted but are accessible to persons without vision disabilities.

85.   Specifically, as related to violations of Section 504, blind and visually

impaired individuals need to comprehend and access the electronic documents which Defendant provides to the public. Yet, Defendant's electronic documents are not saved in an accessible format which properly interfaces with screen reader software so that blind and visually impaired individuals are able to comprehend those documents.

86. As a distributor of federal funds and pursuant to Section 504 the Defendant may not deny a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service; 45 CFR §84.4(b)(1)(i).

87. As a distributor of federal funds and pursuant to Section 504 the Defendant may not afford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; 45 CFR §84.4(b)(1)(ii).

88. As a distributor of federal funds and pursuant to Section 504 the Defendant may not provide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others; 45 CFR §84.4 (b)(1)(iii).

89. As a distributor of federal funds and pursuant to Section 504 the Defendant may not provide different or separate aid, benefits, or services to handicapped persons or to any class of handicapped persons unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others; 45 CFR §84.4 (b)(1)(iv).

90. Plaintiff has been denied the ability to comprehend electronic documents provided by Defendant which would permit Plaintiff to access the programs, services and activities of the City of Boca Raton and to participate in the City of Boca Raton government as offered to residents and visitors. As a distributor of federal funds and pursuant to Section 504, Defendant may not otherwise limit a qualified handicapped person

in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service; 45 CFR §84.4(b)(1)(vii).

91.     As a distributor of federal funds and pursuant to Section 504, Defendant may not (directly or through contractual or other arrangements) utilize criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap, (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons, or (iii) that perpetuate the discrimination of another recipient if both recipients are subject to common administrative control or are agencies of the same State; 45 CFR §84.4(b)(4).

92.     As a distributor of federal funds and pursuant to Section 504, Defendant is required to evaluate (with the assistance of interested persons including handicapped persons or organizations representing handicapped persons) its current policies and practices and the effects thereof that do not or may not meet the requirements of this part; 45 CFR §84.6(c)(1)(i).

93.     As a distributor of federal funds and pursuant to Section 504, Defendant is required to modify, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), any policies and practices that fail to meet the requirements of this part; 45 CFR §84.6(c)(1)(ii).

94.     As a distributor of federal funds and pursuant to Section 504, Defendant is required to take, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), appropriate remedial steps to eliminate the effects of any discrimination that resulted from adherence to these policies and practices; 45 CFR §84.6(c)(1)(iii).

95.     As a distributor of federal funds and pursuant to Section 504, Defendant is required to designate at least one person to coordinate its efforts to adopt grievance procedures that incorporate appropriate due process standards and that provide for the prompt and equitable resolution of complaints alleging any action prohibited by this part; 45 CFR §84.7(a) & (b).

96.     Defendant has discriminated against Plaintiff (and other individuals with visual impairments) in the unequal provision of the electronic documents on www.myboca.us which Defendant provides to the public. As a result, Plaintiff has experienced exclusion, segregation, mental anguish, and humiliation in violation of his civil rights.

97.     Defendant's policies, practices and procedures, particularly the actions and omissions described above have violated Plaintiff's rights under Section 504 by discriminating on the basis of a disability.

98.     As a public entity, Defendant knows or should know of the 2003 guidelines provided by the Department of Justice related to providing information to the public in accessible format.

99.     Defendant has failed to act on the likelihood of harm each time it has augmented or uploaded new documents on www.myboca.us without addressing the accessibility of those electronic documents for blind and visually impaired individuals. Thus, Defendant has demonstrated deliberate indifference to Plaintiff's federally protected rights in failing to provide equal access to its services, programs and/or activities for blind and visually impaired individuals.

100.    Deliberate indifference plainly requires more than gross negligence *Loeffer v Staten Island Univ. Hosp.,* 582 F.3d 268, 275 (2nd Cir. 2009) .  Deliberate indifference is a deliberate choice *Bozeman v Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005).

101.    Defendant clearly has made a choice on a daily basis in failing to provide effective communication (vis-a-vie its electronic documents on www.myboca.us). Defendant's deliberate choice has demonstrated deliberate indifference (standard) thus showing intentional discrimination.

102.    By Defendant's failure to make electronic documents on www.myboca.us accessible or to otherwise respond to Plaintiff's request for accommodation in a meaningful manner (as request was sent via U.S. mail to Defendant on September 7, 2018) Defendant's actions further reflect Defendant's deliberate indifference to the rights of the Plaintiff based on Plaintiff's disability.

103.    While in this instance Plaintiff requested accommodation from Defendant, no request for an accommodation is necessary to plead a claim for failure to accommodate where the need for such an accommodation is obvious. See *Wilson v. Broward Cty.,* No. 04-61068, 2006 WL 8431515, at *3 (S.D. Fla. Jan. 13, 2006)(denying a motion to dismiss in a Title II case where plaintiff claimed that his need for accommodation was obvious).

104.    The ongoing and continuous act of failing to provide effective communication (related to the operation and maintenance of www.myboca.us) goes beyond gross negligence. Thus, Defendant is in violation of Section 504 of the Rehabilitation Act. See: *Liese v. Indian River County Hosp. Dist.*, 701 F.3d 334, (11th Cir. 2012).

105.    The standard for deliberate indifference as set forth in *Liese v Indian River County Hospital District*, No. 10-15968 (11th Cir. Nov 13, 2012); See: "[D]eliberate

indifference defined in the context as occurring when "the defendant knew that harm to a federally protected right was substantially likely and failed to act on that likelihood," the *Liese* court, quoting from *T.W. ex.rel. Wilson v. Sch. Bd of Seminole Cnty., Fla*., 610 F.3d at 604 (11th Cir.2010); accord *Loeffler v. Staten Island Univ. Hosp*., 582 F.3d 268, 275 (2d Cir.2009); *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228–29 (10th Cir.2009); *Duvall v. Cnty. Of Kitsap*, 260 F.3d 1124, 1139 (9th Cir.2001); see Fig. 1



Fig. 1

106.   Plaintiff has met the standard for deliberate indifference established in *McCollum v Orlando Reg'l Healthcare Sys., Inc.,* 768 F.3d 1135, 1147 (11th Cir 2014): "a plaintiff must show that the defendant 'knew that harm to a federally protected right was substantially likely' and 'failed to act on that likelihood.'" (emphasis omitted) (quoting *Liese*, 701 F.3d at 344), which standard was instrumental in the 11th Circuit Court of Appeals decision in favor of the deaf defendant Harold Crane to find that Palmetto General Hospital had intentionally discriminated against the plaintiff, reversing summary judgment on plaintiff's claim of ineffective communication during involuntary commitment proceeding under deliberate indifference standard (*Crane v. Lifemark Hosps., Inc.*, 898 F.3d 1130, 1135-36 (11th Cir. 2018).

107.   As a result of Defendant's actions, Plaintiff has been damaged and has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional

suffering, pain and anguish and has been segregated and prohibited from enjoying the programs, services and activities offered by the City of Boca Raton to residents and visitors (through the knowledge gained from its electronic service documents and through participating in the government of the City of Boca Raton).

108.    An award of monetary damages under Section 504 requires showing of intentional discrimination/deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely [knowledge that an accommodation is required], and a failure to act upon that likelihood." *Id*. at 1139; *Lovell v. Chandler,* 303 F.3d 1039, 1056 (9th Cir. 2002).

109.    Plaintiff is entitled to damages pursuant to Section 504 because of Defendant's deliberate indifference to the inaccessibility of the electronic documents it provides to the public, despite Plaintiff's request for accommodation.

110.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant City of Boca Raton.

111.    For all of the foregoing, Plaintiff has no adequate remedy at law

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Juan Carlos Gil hereby demands judgment against Defendant City of Boca Raton including a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title II of the ADA and Section 504 of the Rehabilitation Act to permanently enjoin Defendant City of Boca Raton from any practice, policy and/or procedure which will deny Plaintiff equal access to the services, programs

and activities offered by Defendant City of Boca Raton to residents and visitors and in participating in the government of City of Boca Raton, as well as:

a)    issue a declaratory judgment that Defendant has violated the Plaintiff's rights as guaranteed by Title II of the ADA and Section 504 of the Rehabilitation Act;

b)    The Court enter an Order requiring Defendant to update all electronic documents made available to the public to remove barriers in order that individuals with visual disabilities can access the electronic documents to the full extent required by Title II of the ADA and Section 504 of the Rehabilitation Act;

c)    enter an Order pursuant to 42 U.S.C. §12188(a)(2) for permanent injunction which directs Defendant to take all steps necessary to bring the electronic documents which it provides on its electronic media into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that all electronic documents are fully accessible to, and independently usable by, blind and low sighted individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

d)    Order Defendant to retain a qualified consultant acceptable to Plaintiff ("Mutually Agreed Upon Consultant") who shall assist it in improving the accessibility of its electronic documents, so they are accessible to individuals with visual disabilities who require those electronic documents

to be in accessible format or provided in HTML format;

e)      Order Defendant to engage a (mutually agreed upon) Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's electronic documents to be accessible to individuals with visual disabilities who require those documents to be in accessible format or provided in HTML format;

f)      award damages in an amount to be determined at trial;

g)      award Plaintiffs' reasonable litigation expenses and attorneys' fees; and

h)      award such other and further relief as it deems necessary, just and proper.

Dated this 7th day of January, 2019.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq. FBN: 97780
Scott R. Dinin, P.A.
FBN: 97780
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
Email: inbox@dininlaw.com

*s/Juan Courtney Cunningham*
Juan Courtney Cunningham, Esq. FBN: 628166
J. Courtney Cunningham PLLC
FBN: 628166
8950 SW 74th Court, Suite 201
Miami, Florida 33156
Tel: (305) 351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*

28

# EXHIBIT 'A'

# JUAN CARLOS GIL
2656 SW 28th Avenue
Miami, FL 33133

September 7, 2018

<u>Via US Mail</u>

City of Boca Raton
201 W. Palmetto Park Road
Boca Raton, Florida 33432

Attn: Leif J. Ahnell, City Manager

**REQUEST FOR ACCOMMODATION**

Dear Mr. Leif J. Ahnell:

On September 6, 2018 I went to your information site https://www.myboca.us/ to learn about the governmental functioning of the City of Boca Raton through the documents you provide within your site.

I am legally blind, so I depend on a screen reader to help me understand electronic documents. My screen reader would not work with your electronic documents. I was specifically interested in documents related to the budget of City of Boca Raton (electronic documents) for 2018, 2017, 2016 and 2015 and all City Commission agendas and back up material for year 2018, 2017 and 2016. Would you please make these documents accessible in your site so that they will work with screen readers?

Your site has many other electronic documents other than the specific ones which I have asked for above. In addition to the specific documents listed here, can you also make the other electronic documents within your site accessible so that they will work with screen readers so I don't have to take the steps to ask for each document in a mail request?

Please send me a reply via mail as soon as possible.


Thank you,

*Juan Carlos Gil*

Juan Carlos Gil

# EXHIBIT 'B'



CITY OF
Boca Raton

CITY HALL
201 WEST PALMETTO PARK ROAD • BOCA RATON, FL 33432
PHONE (561) 393-7700
(FOR HEARING IMPAIRED) TDD (561) 367-7043
www.myboca.us

September 24, 2018

Mr. Juan Carlos Gil
2656 SW 28th Avenue
Miami, FL  33133

Dear Mr. Gil,

On September 14, 2018, we received your correspondence dated September 7, 2018 regarding some of the documents that are uploaded to the City's website.

We appreciate your interest in the City of Boca Raton and its governmental functioning. We are pleased to note that the City of Boca Raton continues to work hard to ensure that the City's website and the information and documents on the website are accessible for all users, including those who have vision and/or hearing disabilities. For example, in March 2018, the City initiated an effort to ensure that the City's website and the documents on the website were in a more accessible format. As a result, all City Council agendas, back-up materials and minutes since April 2018 have been uploaded in compliance with accessibility guidelines.

As noted in the accessibility section of the City's website, the City's website has been designed to comply with Section 508 of the Rehabilitation Act of 1973 and the Web Content Accessibility Guidelines (WCAG) 2.0 A and AA. We have made and continue to make modifications to the website and the website content and are working on making previously uploaded documents compatible with screen readers and other assistive technologies.

Of course, all City documents, including those that have been uploaded to the City's website, are available for inspection at City Hall and copies are available upon request at the cost of production. Documents can also be converted to a format that can be utilized by a screen reader device upon request.

You have asked for accommodations on a significant number of archived documents.  While the City can certainly provide such accommodations, we are reviewing your specific request, and will be contacting you in the near future on the details and timing of providing the accommodations on the documents that you have requested.

In the meantime, please let me know if you have any questions or need any further information at 561-393-7703 or mwoika@myboca.us.

Sincerely,

Michael Woika
Asst. City Manager

STAY CONNECTED  

- AN EQUAL OPPORTUNITY EMPLOYER -